UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHNNY SHUFFORD, *et al*, § § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-3457 |
| § | |
| AMERICAN HOMES 4 RENT PROPERTIES § | |
| EIGHT LLC, *et al*, § | |
| § | |
| Defendants. § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiffs' Emergency Application for Emergency Temporary Restraining Order (TRO) and Application for Preliminary Injunction. Doc. 14. Having considered the motion, objections, the facts in the record, and the applicable law, the Court concludes Defendant's Motion (Doc. 14) should be denied.

**I.     Legal Standard**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008); *see Garcia v. United States*, 680 F.2d 29, 31 (5th Cir. 1982) (temporary restraining order). Under the Anti-Injunction Act, federal courts "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

**II.     Discussion**

Plaintiffs argue the Court has authority to grant an injunction under the Anti-Injunction

Act "in aid of its jurisdiction" exception, because "this court took jurisdiction over the title issues involved with the *res* of Harris County Real Property. Therefore, this Court must decide the title issues first." Doc. 14 at 18. On the contrary, the state justice court took jurisdiction over the forcible detainer suit on March 12, 2014, and its judgment against Plaintiffs was affirmed by the Fort Bend County Court at Law on September 11, 2014, prior to the filing of this suit. Doc. 16 at 3. Any subsequent jurisdiction the Court may have over title issues is not affected by the forcible detainer action at issue, which could have been properly stayed by the state court on appeal. Tex. R. Civ. P. 510.3. (In a forcible detainer suit, "[t]he court must adjudicate the right to actual possession and not title. . . . A claim that is not asserted because of this rule can be brought in a separate suit in a court of proper jurisdiction."). The cases cited by Plaintiffs only restate this point. *See, e.g., Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *Breceda v. Whi*, 224 S.W.3d 237, 238 (Tex. App.—El Paso 2005, no pet.); *Ogden v. Coleman*, 660 S.W.2d 578 (Tex. App.—Corpus Christi 1983, no pet.). In fact, Plaintiffs were previously denied a similar injunction against eviction from the property by Judge Gilmore for the very same reason. Doc. 15, *Shufford et al v. American Homes 4 Rent Properties Eight LLC et al*, No. 4:14-cv-3334, (S.D. Tex. Nov. 26, 2014). Furthermore, Plaintiffs are not likely to succeed on the merits (*see, e.g., Khan v. U.S. Bank*, No. 4:14-cv-1711 (S.D. Tex. Jan. 5, 2015)); the expedited eviction procedure established by the Texas Legislature, in addition to the post-eviction provisions of the Deed of Trust, Doc. 16-2 ¶ 22, ensures that Plaintiffs will not suffer irreparable harm; and the use of multiple federal suits to go around state court judgments does not serve the public interest. *See Knoles v. Wells Fargo Bank, N.A.*, 513 Fed. Appx. 414, 416 (5th Cir. 2013) (upholding denial of injunction against forcible detainer under Anti-Injunction Act, since injunction would have prevented bank "from enforcing a valid extant

judgment of a Texas court").

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Emergency Application for Emergency Temporary Restraining Order and Application for Preliminary Injunction (Doc. 14) are **DENIED**.

SIGNED at Houston, Texas, this 29th day of January, 2015.

*[signature]*

MELINDA HARMON
UNITED STATES DISTRICT JUDGE